IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARKUS E. TATUM,

        Plaintiff,                      No. CIV S-06-0587 GEB KJM P

    vs.

C. K. PLILER, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

                          /

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendants Alameida, Pliler, Rosario and Flory[1] are either employees or former employees of the California Department of Corrections and Rehabilitation (CDCR). These defendants have filed a motion seeking dismissal of plaintiff's First Amendment denial of access to courts claims because, they say, plaintiff failed to exhaust administrative remedies with respect to these claims prior to filing suit.

        A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure to exhaust non-judicial

---

[1] On April 13, 2007, the court ordered service of process upon these defendants pursuant to 28 U.S.C. § 1915A.

1

remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal. Id.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All steps must be completed before a civil rights action is filed; exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt, 315 F.3d at 1119.

In his complaint, plaintiff asserts that defendants denied him access to his legal materials and the law library between August 29, 2001 and September 16, 2002. Plaintiff alleges that because he was denied this access, he was unable to respond to a court order filed December 7, 2001 and findings and recommendations filed January 16, 2002 and thus one of plaintiff's lawsuits was dismissed on or about February 25, 2002 for failure to prosecute; he also was denied the ability later in 2002 to file a petition for writ of certiorari in the United States Supreme Court. See Compl. at 2(b) (Claim 6), ¶¶ 62-88.

In his opposition to defendants' motion to dismiss, plaintiff asserts that he exhausted administrative remedies with respect to his denial of access to courts claims. In support of his argument, petitioner points to a grievance filed February 15, 2002 and processed through the Director's Level, in which he asserted that he and other inmates complained of the denial of many privileges during an extended lockdown. See Opp'n, Ex. A (grievance # 02-

00443).² The continuation sheet to the initial grievance notes that an incident on January 4, 2002 led to an initial suspension of privileges, which, at the time of initial filing of the grievance, had been going "for over a month now." Id. at 12.³ Plaintiff also included the statement that "we are being denied [among other asserted privileges] meaningful access to the courts. . . ." Id. In a later section of the continuation sheet, it reads, "and of course we are still being denied outdoor exercise, visits, religious services, law library access, etc. . .," and cites to the First Amendment. Id. at 13.⁴ In appealing to the third level of the grievance process, plaintiff again includes in his description of the group's problem that they are being denied "meaningful access to the courts [] in violation of our constitutional rights pursuant to the 1st . . . Amendment[]. . ." Id. at 15. At all levels of the grievance process, plaintiff articulates the action requested as "that this emergency lockdown be terminated" and "that this policy of deprivation/confiscation be discontinued." Id. at 8, 16. Plaintiff identifies the "warden and administration" as responsible for the allegedly offending "policies and practices." Id. at 8, 12, 13. Plaintiff does not offer more factual detail in support of his grievance. The grievance was resolved on the merits at the Director's Level on May 22, 2002. Opp'n, Exs. A & D.

/////

---

² This grievance is identified in the complaint by number, along with three other later-filed grievances. Compl. at 2. The grievances so listed do not appear to correspond to the grievances noted by defendants in their motion to dismiss. See Mot. at 7; Grannis Decl. ¶ 5. The only grievance made a part of the record is the one provided by plaintiff with his opposition.

³ Page numbers cited to in the Opposition are those assigned by the court's CM/ECF system.

⁴ Defendants object to the authenticity of plaintiff's exhibit because it includes two continuation sheets instead of one, the limit prescribed by CDCR regulations. Reply at 2:25 - 3:2; see Cal. Code Regs. tit. 15, § 3084.2(a)(1) (continuation sheet limitation described as one page "front and back"). Plaintiff has filed his opposition under the penalty of perjury. While plaintiff's institution presumably could have rejected the grievance for failure to comply with the technical one page requirement, there is no indication it did so. See Cal. Code Regs. tit. 15, § 3084.3 (provisions for screening and rejection of appeals before acceptance for review). Rather, it appears the grievance was accepted as filed and its substance fully responded to. Opp'n, Ex. D. The objection is overruled.

As noted in Jones v. Bock, __ U.S. __, 127 S. Ct. 910, 922 (2007), "[c]ompliance with prison grievance procedures [] is all that is required by the PLRA to 'properly exhaust.'" Specifically, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. CDCR regulations require that an inmate grievance "describe the problem and action requested." Cal. Code Regs. tit. 15, § 3084.2(a). There are no additional substantive requirements applicable to group appeals. Cal. Code Regs. tit. 15, § 3084.2(f). Generally, the basic purpose of the exhaustion requirement is to put prison officials on notice of conduct that forms the basis of federal claims before those claims are submitted in a complaint. Jones, 127 S. Ct. at 922; see also Irvin v. Zamora, 161 F. Supp. 2d 1125, 1134-35 (S.D. Cal. 2001); cf. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005) (in exhausting an ADA grievance, it was sufficient for inmate to complete the form provided by his institution).

Here, while plaintiff did not provide prison officials with a great amount of detail regarding his access to courts claim, he did include a statement that the warden's policies were denying him and other inmates "law library access." Given the very general requirement of CDCR's regulation, that a grievance "describe" a problem, this court cannot say that the grievance in this case was insufficient to put the warden on notice. Irvin, 161 F. Supp. 2d at 1134-35. In light of the Supreme Court's decision in Jones, the court also cannot say that the omission of particular defendants' names from the grievance precludes litigation against them. 127 S. Ct. at 922-23. However, defendants are correct that the dates of some of the events underlying plaintiff's First Amendment claims in this court fall outside the date range made relevant by the grievance plaintiff relies on in his opposition. See Compl. ¶¶ 62-72, 78-88 (describing events before January 4, 2002 and between May 8, 2002 and September 19, 2002). These events have not or cannot have been exhausted by the grievance plaintiff presents, and thus the corresponding claims cannot proceed.

1        Plaintiff's First Amendment claims must be dismissed in part, to the extent they
2 are based on alleged problems obtaining library access occurring before the January 4, 2002
3 triggering date identified in the February 15, 2002 grievance, and such problems with library
4 access occurring after the filing date of that grievance.
5        In accordance with the above, IT IS HEREBY RECOMMENDED that:
6        1. Defendants' July 12, 2007 motion to dismiss (docket no. 13) be granted in
7 part;
8        2. Plaintiff's First Amendment claims articulated in paragraphs 62 through 72
9 and 78 through 88 of the complaint be dismissed; and
10       3. Defendants Alameida, Flory, Pliler and Rosario be directed to file their answer
11 to plaintiff's remaining claims within twenty days of any adoption of the foregoing findings and
12 recommendations.
13       These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
15 days after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
18 shall be served and filed within ten days after service of the objections.  The parties are advised
19 that failure to file objections within the specified time may waive the right to appeal the District
20 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
21 DATED:  February 6, 2008.

_____
U.S. MAGISTRATE JUDGE

1

tatu0587.57